**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

| | |
|---|---|
| CALVIN MILAM, EVERETT HORTON, DAVID BRUCE, and STEVEN TRUJILLO, Each Individually and on Behalf of All Others Similarly Situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>ARKANSAS UTILITY PROTECTION SERVICES, INC., )<br><br>Defendant. ) | Civil Action No.: 4:18-cv-312-BSM |

**JOINT MOTION (WITH INCORPORATED BRIEF) FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND NOTICE TO THE SETTLEMENT CLASS**

COME NOW Plaintiffs Calvin Milam, Everett Horton, David Bruce, and Steven Trujillo, each individually and on behalf of himself and all others similarly situated ("Plaintiffs") and Defendant Arkansas Utility Protection Services, Inc. ("ARKUPS" or "Defendant") and jointly submit this Motion for Preliminary Approval of Class Settlement and Notice to the Settlement Class.

**I.    INTRODUCTION**

Plaintiffs have reached an agreement to settle this case with Defendant regarding Defendant's alleged class and collective action violations of the Fair Labor Standards Act ("FLSA") and the Arkansas Minimum Wage Act ("AMWA"). The terms of the settlement are contained in the Settlement Agreement ("Agreement") attached as Exhibit 1. Plaintiffs and Defendant now wish to begin the settlement approval process outlined in the *Manual for Complex Litigation (Fourth)* §§ 21.632-21.635 (2004). They seek entry of an order, attached

hereto as Exhibit 3:

- Certifying a class action under Fed. R. Civ. P. 23 for purposes of settlement including appointment of Chris Burks and Josh Sanford of the Sanford Law Firm, PLLC, as Class Counsel;

- Granting preliminary approval of the settlement;

- Approving the parties' proposed forms and methods of giving class members notice of the proposed settlement;

- Directing that notice be given to class members in the proposed forms and manner; and

- Setting a hearing on or about February __, 2019 on whether the Court should grant final approval of the settlement, and enter judgment, and award attorneys' fees and costs to Plaintiffs and Class Counsel.

The settlement provides substantial benefits via a Settlement Fund established for the benefit of the class members. Class Counsel will administer the settlement claims process, monitored by all counsel. Defendant will pay Plaintiffs' attorneys' fees and expenses in an agreed-upon amount.

The proposed settlement addresses Plaintiffs' litigation objectives and falls within the range of possible final approval. The settlement was negotiated by lawyers experienced in complex litigation. For these reasons, the settlement enjoys a presumption of fairness and should be submitted to class members for their reaction.

## II.     SUMMARY OF THE LITIGATION AND SETTLEMENT

### A.     The Litigation

The *Milam* case was filed on or about May 10, 2018, in the Eastern District of Arkansas.

Plaintiffs asserted claims against Defendant under the FLSA and AMWA. Plaintiffs alleged that Defendant failed to sufficiently compensate Damage Prevention Specialists for their overtime hours worked by failing to include certain bonuses in the calculation of the employees' overtime wages.

### B.   Settlement Discussions

Plaintiffs' counsel and Defendant's counsel have engaged in extensive negotiations concerning the possible settlement of all claims, including telephonic negotiation sessions and an informal exchange of documents and other information. Through these settlement negotiations, the parties were able to agree upon terms of the settlement agreement, including backpay to the class, liquidated damages, attorneys' fees and costs.

### C.   The Terms of the Proposed Settlement

#### 1.   Relief Available to Class Members

Under the terms of the proposed settlement, Defendant will provide benefits to the certified AMWA class. The settlement class is comprised of all current and former non-exempt Damage Prevention Specialists who worked in Arkansas at any time between May 10, 2015, and May 10, 2018. There are 163 such individuals. Defendant will create a settlement fund of Six-Thousand Nine-Hundred Forty-One Dollars and Forty-Six Cents ($6,941.46). The fund will cover all payment obligations of Defendant under this settlement other than attorneys' fees, costs and service awards. Defendant will pay to each of the 163 Class Members who does not timely opt-out of the settlement the amounts contained within Exhibit A to the Settlement Agreement, filed with the Court as Exhibit 1 to this Motion. The formula the Parties used to determine each Class Member's share of the $6,941.46 settlement proceeds was based on Defendant's records of Class Members' hours worked, overtime pay, bonus pay, and hourly pay, which was used to

calculate overtime wages that include bonus pay in the calculation of the regular rate between May 10, 2015, and May 10, 2018. Defendant has agreed as part of this Settlement Agreement to pay to each Class Member the full amount of back pay alleged to be due. Liquidated damages in an amount equal to each Class Member's back pay award were then added to determine the amount of the $6,941.46 fund. Class Members who do not opt-out of the settlement will thus recover the full amount of wages and liquidated damages claimed to be due to them in the Lawsuit.

The settlement uses actual pay rates and hours worked to calculate unpaid overtime rates for each Class Member. This amount is fair and reasonable in this case because throughout the relevant time period, Defendant miscalculated, in good faith, the shift premium pay in the calculation of Class Members' overtime rates, which caused some, but not all, Class Members to be undercompensated. However, Defendant maintained records that could be used to accurately calculate the amount of overtime allegedly owed.

## 2. Class Notice and Settlement Administration

The parties agree to Notice and Opt-Out Forms ("Notice") to the Settlement Class by first-class mail. Class Counsel will administer the Notice, at is has experience administering notice in cases similar to this, with Defendant directly providing payment to Class Members who do not timely opt-out.

Class Members will have 30 days after the Notice is first mailed to submit their opt-out form and 120 calendar days from the date of initial mailing to cash their settlement checks. Any funds that are not cashed or negotiated will be void and a stop-payment will be placed. Defendant is entitled to any Settlement Fund residuals after all payments are made under the Agreement.

### 3. Opt-Out and Release Provisions

Class Members will have 30 days from the date on the Notice to object to the Settlement and to opt out of the Rule 23 AMWA settlement. Any objections to the Settlement must be served ten (10) days before the final fairness hearing.

Except for those Class Members who object to the Settlement and opt out of the Rule 23 AMWA settlement, all Class Members will be bound by the final approval order of the Rule 23 AMWA settlement, the judgment, and the release of the AMWA claims as set forth in the Agreement.

### 4. Attorneys' Fees and Expenses

The Parties have agreed to an award to Class Counsel of Seven Thousand and Five Hundred dollars ($7,500.00) in attorneys' fees and costs. Because this amount agreed by the parties is over and above that amount which is set aside for the benefit of the Class, this award will not affect any Class Members' recoveries.

### 5. Service Awards

In recognition of their work initiating the lawsuit and in exchange for a general release of claims, the Parties have agreed to a service award for each named Plaintiff in the amount of Five Hundred Dollars ($500.00). This is a fair and reasonable amount, which reflects the time and effort put forth by named Plaintiffs in initiating the lawsuit and throughout its duration.

## III. PRELIMINARY APPROVAL OF THE PROPOSED SETTLEMENT IS APPROPRIATE

### A. The Settlement of a Class Action Is Favored And Should Be Preliminarily Approved If It Falls Within The Range of Reasonableness.

The law favors settlement, particularly in class actions and other complex cases where

5

substantial resources can be conserved by avoiding the time, cost, and rigor of prolonged litigation. *See Cohn v. Nelson*, 375 F. Supp. 2d 844, 852 (E.D. Mo. 2005) ("The law favors settlement, particularly in class actions and other complex cases where substantial judicial resources can be conserved by avoiding formal litigation."). *See also Little Rock Sch. Dist. v. Pulaski County Special Sch. Dist. No. 1*, 921 F.2d 1371, 1383 (8th Cir. 1990) ("The law strongly favors settlements. Courts should hospitably receive them. This may be especially true in the present context -- a protracted, highly divisive, even bitter litigation, any lasting solution to which necessarily depends on the good faith and cooperation of all the parties."); *Schoenbaum v. E.I. Dupont De Nemours & Co.*, 2009 U.S. Dist. LEXIS 114080 (E.D. Mo. Dec. 8, 2009) ("Especially in the context of class actions, the federal judiciary has a strong policy of promoting and encouraging settlements between litigating parties."); *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 2004 U.S. Dist. LEXIS 23342 (W.D. Mo. Apr. 20, 2004) ("The policy in favor of settlement is so strong that such agreements are presumptively valid."); *Newberg on Class Actions* § 11.41 (Fourth) (2002) ("The compromise of complex litigation is encouraged by the courts and favored by public policy.") "This policy is particularly appropriate in class actions: In the class action context in particular, 'there is an overriding public interest in favor of settlement" settlement of the complex disputes often involved in class actions minimizes the litigation expenses of both parties and also reduces the strains such litigation imposes upon already scarce judicial resources.'" *Id.* (citing *Armstrong v. Board of School Directors*, 616 F.2d 305, 313 (7th Cir. 1980)).

Where, as here, the parties propose to resolve class action litigation through a class-wide settlement, they must obtain the Court's approval. *See* Fed. R. Civ. P. 23(e). The typical process for approval of class action settlements is described in the *Manual*, §§ 21.632-.634. The steps

6

are:

    1. Preliminary approval of the proposed settlement at an informal hearing;

    2. Dissemination of mailed and/or published notice of the settlement and fairness hearing to all affected class members; and

    3. A "formal fairness hearing," or final approval hearing, at which Class members may be heard regarding the settlement, and at which evidence and argument concerning the fairness, adequacy, and reasonableness of the settlement is presented.

This procedure, commonly employed by federal courts, serves the dual function of safeguarding Class Members' procedural due process rights and enabling the Court to fulfill its role as the guardian of the Class Members' interests. *See Newberg*, § 11.25 (quoting *Manual for Complex Litigation* (Second) (1985).) "Under Federal Rule of Civil Procedure 23(e)(2), the Court may approve a Settlement Agreement only upon a 'finding that it is fair, reasonable and adequate.'" *Kelly v. Phiten USA, Inc.*, 277 F.R.D. 564, 570 (S.D. Iowa 2011) (quoting Fed. R. Civ. P. 23(e)(2).) This determination is entrusted "to the sound discretion" of the district court. *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 123 (8th Cir. 1975). When making this determination, "the district court acts as a fiduciary, serving as a guardian of the rights of absent class members." *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 932 (8th Cir. 2005). "By definition, a fair settlement need not satisfy every concern of the plaintiff Class, but may fall anywhere within a broad range of upper and lower limits. The essence of settlement is compromise . . . a solution somewhere between the two extremes. *Alliance To End Repression v. City of Chicago*, 561 F. Supp. 537, 548 (N.D. Ill. 1982).

The parties request that the Court take the first step in the settlement approval process and grant preliminary approval of the settlement.

7

B. **The Proposed Settlement Negotiated By The Parties Enjoys A Presumption Of Fairness.**

At the outset, the settlement should be accorded a presumption of fairness. "A presumption of [fairness] applies to a class settlement reached in arm's-length negotiations between experienced, capable counsel." *Austin v. Metro. Council*, 2012 U.S. Dist. LEXIS 41750, *18-19 (D. Minn. Mar. 27, 2012); see also 4 Newberg § 11.41 (noting that where the settlement is the product of arm's-length negotiations between capable counsel experienced in complex class action litigation, the court should begin its analysis with a presumption that the settlement is fair and should be approved). Courts give "great weight" to and may "rely on the judgment of experienced counsel in its evaluation of the merits of a class action settlement." *Welsch v. Gardebring*, 667 F. Supp. 1284, 1295 (D. Minn. 1987). Additionally, the court "does not have the responsibility of trying the case or ruling on the merits of the matters resolved by the agreement . . . . Rather, the very purpose of compromise is to avoid the delay and expense of such a trial." *White v. National Football League*, 822 F. Supp. 1389, 1417 (D. Minn. 1993).

Here, the settlement is presumed fair and falls within the range of possible approval. The settlement was reached exclusively through arm's length bargaining over a period of months, through numerous written exchanges, and telephone conferences. Attorneys for Plaintiffs and attorneys for Defendant were present during the settlement negotiations. The parties extensively discussed the merits of the claims and defenses and the relief available to Class Members. After reaching a complete settlement agreement in principle, the parties turned their attention to documenting the settlement and exchanged draft settlement agreements, forms of Notice of the settlement, and opt-out forms.

In negotiating the settlement, Plaintiffs had the benefit of attorneys who are highly

experienced in complex litigation and familiar with the legal and factual issues of the case. In Class Counsel's view, the settlement provides substantial benefits to the Class Members, especially when considering, among other things, the attendant expense, risks, difficulties, delays, and uncertainties of litigation, trial, and post-trial proceedings. On preliminary evaluation, the settlement here is presumptively fair and worthy of preliminary approval.

### C. The Settlement Benefits Fall Within The Range Of Possible Recovery.

"The most important consideration in deciding whether a settlement is fair, reasonable, and adequate is 'the strength of the case for plaintiffs on the merits, balanced against the amount offered in settlement.'" *Buckley v. Engle*, 2011 U.S. Dist. LEXIS 59022 (D. Neb. June 2, 2011) (quoting *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1150 (8th Cir. 1999)). The factors the courts are to consider are the following:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense, and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Moore v. Ackerman Investment Co.*, 2009 U.S. Dist. LEXIS 78725, 2009 WL 2848858 (N.D. Iowa Sept. 1, 2009). The preliminary approval determination is not an ultimate determination of whether the settlement is fair, reasonable and adequate, however. Rather, the Court must determine "whether there is any reason to notify the class members of the proposed settlement and to proceed with a fairness hearing." *Gautreaux v. Pierce*, 690 F.2d 616, 621 n.3 (7th Cir. 1982). This necessarily involves a preliminary determination of the settlement's fairness, reasonableness and adequacy. *See Manual*, § 21.632. If the Court finds the settlement "within the range of possible approval," it should then order that the Class Members be notified of the

settlement and of a formal fairness hearing to be held on the question of settlement approval. *See id.* at § 40.42 (model preliminary approval order).

Here, the settlement provides Class Members with substantial relief, without the delay and expenses of the trial and post-trial proceedings. The Agreement is also fair in that it permits ready access to the Settlement Fund for Class Members. Relief is presumptively available to many current and former non-exempt Damage Prevention Specialists who worked in Arkansas between May 10, 2015 and May 10, 2018. Furthermore, Defendant has agreed as part of this Settlement Agreement to pay to each Class Member the full amount of back pay alleged to be due, and liquidated damages in an amount equal to the claimed back pay. In other words, Class Members who do not opt-out will recover the full amount the Lawsuit claims they are entitled to.

If the parties did not agree to settle the case, discovery, motions practice and a trial would be lengthy and expensive. The Class Members would face the risk of argument by Defendant that class certification is improper due to highly individualized damages calculations, including cumbersome individual review of Defendant's records of each Class Members' pay and hours worked. Further, if the Class Members obtained a judgment in their favor, an appeal would likely follow. In light of those risks, the proposed settlement is a fair, reasonable and adequate compromise of the issues in dispute that provides meaningful relief to Class Members.

## IV. THE COURT SHOULD APPROVE THE PROPOSED FORM AND METHOD OF CLASS NOTICE

### A. Notice By First Class Mail is Sufficient When A Large Class is Present.

"Rule 23(e)(1)(B) requires the court to 'direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise,' regardless of whether the class was certified under Rule 23(b)(1), (b)(2), or (b)(3)." *See Manual*

*for Complex Litigation* at §§ 21.632, 21.633. In order to protect the rights of absent Class Members, the Court must provide the best notice practicable to class members. *See Phillips v. Petroleum Co. v. Shutts*, 472 U.S. 797, 811-812 (1985).

Notice by first class mail is practical when the names and addresses of most of the Class Members are known. *See Manual for Complex Litigation* at § 30.211. Neither Rule 23 nor due process require receipt of actual notice by all Class Members, rather, notice should be mailed to the last known addresses of those who can be identified and publication used to notify others. Newberg, § 8.04 (citing *Manual for Complex Litigation* at § 30.211; *see also Kandice Simmons & Tamika v. Enter. Holdings*, 2012 U.S. Dist. LEXIS 29366, *12 (E.D. Mo. Mar. 6, 2012) (approving mailed notice to last known addresses of a Settlement Class). If notices are returned as undeliverable, Class Counsel will perform a standard skip trace to find a better address for subsequent mailing.

Because the names and last known addresses of the individual Class Members are known by Defendant, the parties propose Notice through first class mail. A proposed Notice and Opt-Out Form are included as Exhibit 2 to this Motion. Under the circumstances of the present case, this Notice is consistent with applicable law and avoids unnecessary expense that would otherwise diminish the amount of the money available to Class Members. The Court should find that the Class Notice complies with the notice requirements imposed by Rule 23.

    **B.**     **The Proposed Form Of Notice Adequately Informs Class Members Of Their Rights In This Litigation.**

In an action proceeding under Rule 23(b)(3), the notice must inform each Class Member that "the court will exclude anyone from the class if he so requests [by a specified date]; the judgment will include all members who do not request exclusion and any member not requesting

exclusion may, if he desires, enter an appearance through counsel." Fed. R. Civ. P. 23(c)(2).

Here, the proposed Notice included in Exhibit 2 clearly and accurately discloses the information material to a Class Member's decision whether to accept, object to, or opt out of the settlement. The proposed Notice provides information on the proposed Settlement Class; the terms and provisions of the Agreement; the relief the settlement will provide; the date, time and place of the final approval hearing; and the procedures and deadlines for opting out of the settlement or submitting comments or objections.

The Notice is accurate and informs Class Members of the material terms of the settlement and their rights pertaining to it. The Court should approve the proposed form of Notice and direct that notice be given to the class as proposed by the parties.

## V. CONCLUSION

For the foregoing reasons, the Court should grant preliminary approval of the proposed settlement and enter the accompanying Order of Preliminary Approval included in Exhibit 3.

Respectfully submitted this __ day of November, 2018.

| | |
|---|---|
| **SANFORD LAW FIRM, PLLC** | **WRIGHT, LINDSEY, & JENNINGS LLP** |
| By: /s/ Josh Sanford | By: /s/ Michelle Kaemmerling |
| Chris Burks (AR Bar No. 2010207) | Michelle M. Kaemmerling |
| Josh Sanford (AR Bar No. 2001037) | (AR Bar No. 2001227) |
| 650 S. Shackleford, Ste. 411 | 200 West capitol Avenue, Suite 2300 |
| Little Rock, AR 72211 | Little Rock, Arkansas 72201-3699 |
| Telephone: (501) 221-0088 | Tel: (501) 371-0808 |
| Facsimile: (888) 787-2040 | Fax: (501) 376-9442 |
| chris@sanfordlawfirm.com | mkaemmerling@wlj.com |
| josh@sanfordlawfirm.com | |
| | ***ATTORNEYS FOR DEFENDANT*** |
| ***CLASS COUNSEL*** | |

## CERTIFICATE OF SERVICE

I, Josh Sanford, hereby certify that on the date imprinted by the CM/ECF system, I electronically filed the foregoing with the Clerk of the Court using ECF which will send notification of such filing to the following:

Michelle M. Kaemmerling, Esq.
WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
Tel: (501) 371-0808
Fax: (501) 376-9442
mkaemmerling@wlj.com

*/s/* Josh Sanford_____
Josh Sanford